UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                  Criminal Case No. 08-20461
                                                               Civil Case No. 09-14110

Frank Eugene Armstrong,
                                                               Honorable Sean F. Cox

    Defendant.
_____/

## **OPINION GRANTING THE GOVERNMENT'S MOTION TO DISMISS AND DISMISSING § 2255 PETITION WITHOUT PREJUDICE**

Following a jury trial, Defendant Frank Eugene Armstrong ("Defendant") was found guilty of sexual exploitation of children, in violation of 18 U.S.C. § 2251, and possession of child pornography, in violation of 18 U.S.C. § 2252A.

Defendant was sentenced by this Court to a term of 327 months imprisonment on August 14, 2009. Defendant filed a *pro se* Notice of Appeal that same day.[1] (Docket Entry No. 35). The Judgment of Sentence was filed on August 24, 2009.

Defendant's direct appeal is still pending in the United States Court of Appeals for the Sixth Circuit. Nevertheless, on October 16, 2009, Defendant filed a motion seeking to vacate his sentence under 28 U.S.C. § 2255.

On December 21, 2009, the Government filed a Motion to Dismiss Petitioner's 28 U.S.C. § 2255 Petition. The Government contends that Defendant's § 2255 Motion should be dismissed

---

[1] Defendant also filed a second *pro se* notice of appeal on August 20, 2009. (Docket Entry No. 39). Defendant's second appeal was dismissed as duplicative in an order issued by the Sixth Circuit on September 14, 2009.

as premature under *Capaldi v. Pontesso*, 135 F.3d 1122 (6th Cir. 1998) and *Starnes v. United States*, 14 Fed.Appx. 569, 571-72 (6th Cir. 2001).

The Court agrees that Defendant's § 2255 Motion should be dismissed without prejudice because it is premature. In *Capaldi*, the Sixth Circuit "adopt[ed] the rule espoused by multiple Circuits that in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi*, 135 F.3d at 1124. The Sixth Circuit adopted that rule because an "application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal" and because a "determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." *Id*.

Defendant's direct appeal is currently pending in the Sixth Circuit and Defendant's § 2255 Motion[2] does not indicate that any extraordinary circumstances exist that would warrant deviating from the general rule set forth in *Capaldi*.

Accordingly, IT IS ORDERED that the Government's Motion to Dismiss is GRANTED and Defendant's § 2255 Motion is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

                                              S/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

---

[2]Defendant did not file any response to the Government's Motion to Dismiss.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                          Criminal Case No. 08-20461
                                            Civil Case No. 09-14110

Frank Eugene Armstrong,

                                            Honorable Sean F. Cox

    Defendant.
_____/

## PROOF OF SERVICE

I hereby certify that on February 9, 2010, a copy of the foregoing document was served upon counsel of record by electronic means and upon Frank Eugene Armstrong via First Class Mail at the address below:

Frank Eugene Armstrong #605035
Michigan Reformatory
1342 W. Main
Ionia, MI 48446

                              S/Jennifer Hernandez
                              Case Manager